UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

JAMEL JOHNSON,

              Defendant.

------------------------------------X

08 Cr. 1124 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/10

**Sweet, D.J.**

On October 5, 2009, Jamel Johnson, a/k/a "Jamel Cates," a/k/a "Mel" ("Johnson" or "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). For the reasons set forth below, Johnson will be sentenced to 188 months' imprisonment to be followed by three years' supervised release. Johnson will also be required to pay a fine of $5,000 and a special assessment of $100 and to forfeit property in an amount to be determined.

**Prior Proceedings**

On October 5, 2009, Information 08 CR 1124 (RWS) was

1

filed in the Southern District of New York.  Count 1 charges that from at least August 2008 through October 2008, in the Southern District of New York and elsewhere, Johnson and others known and unknown conspired to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C).

On October 5, 2009, Johnson appeared before the Honorable Debra C. Freeman in the Southern District of New York and allocuted to Count 1 as charged pursuant to a plea agreement.

Johnson's sentencing is currently scheduled for May 6, 2010.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines.  Thus, the

2

sentence to be imposed here is the result of a consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed --
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for --
>
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
>
> (5) any pertinent policy statement ... [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Johnson's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

4

In August 2008, members of the NYPD's Bronx Narcotics began investigating a heroin trafficking organization run out of the Edenwald housing projects ("Edenwald"), located in the Bronx.

During the course of the investigation, investigators learned that Johnson, a/k/a "Jamel Cates," a/k/a "Mel," was one of the leaders of this heroin organization. Johnson sold heroin under the "brand" names "Killer" and "Joker," among others. During a series of recorded conversations between law enforcement officers and Johnson, Johnson referred to himself as being the one in charge. In addition, Johnson's co-conspirators referred to Johnson as being the one in charge of the heroin organization.

Beginning on September 24, 2008, through undercover buy operations at Edenwald, undercover officers purchased approximately 124 bags[1] of heroin with the "Killer" or "Joker" brand name. For example, at 12:30 p.m. on September 24, 2008, an NYPD officer acting in undercover capacity ("UC"), who had previously been introduced to Johnson by a third party, went to

---

[1] Fifteen bags of heroin contain approximately one gram of heroin.

Edenwald to purchase heroin. After the UC arrived at Edenwald, Johnson called out to the UC and directed the UC inside a nearby building. After the UC entered the building, Johnson asked the UC what the UC wanted. The UC asked to purchase "four" – a reference to four bags of heroin. Johnson reached into his back pocket and removed four bags of heroin labeled "Killer," for which the UC paid Johnson $40. Johnson told the UC to call him "Mel" and gave the UC his telephone number, telling the UC to contact him whenever the UC needed anything.

After the September 24, 2008 purchase of heroin by the UC, several additional purchases of heroin were made either directly from Johnson or from individuals working for him. Each bag cost $10, though the UC received a discount when purchasing in large quantities. Most bags purchased from Johnson and his co-conspirators were labeled either "Killer" or "Joker."

Based upon the investigation, an arrest warrant was issued for Johnson on October 29, 2008, and was executed on November 3, 2008.

Johnson is responsible for distributing between 80 and 100 grams of heroin. According to the Government, no

aggravating-role adjustment is warranted.

**The Relevant Statutory Provisions**

Pursuant to 21 U.S.C. § 846, the maximum term of imprisonment is 20 years.

If a term of imprisonment is imposed, a term of supervised release of not less than three years is required, pursuant to 21 U.S.C. § 846.

Defendant is eligible for not less than one nor more than five years' probation, on each count, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $1,000,000, pursuant to 21 U.S.C. § 846. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. § 853, all property, real and personal, involved in the offense or traceable to such property shall be forfeited to the United States.

**The Guidelines**

The November 1, 2009 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). Pursuant to a written plea agreement, the parties stipulate to the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for the violation of 21 U.S.C. § 846 is found in § 2D1.1. Defendant conspired to distribute and possess with intent to distribute more than 80 grams but less than 100 grams of heroin. The base offense level for the instant offense is therefore 24, pursuant to the Drug Quantity Table set forth in § 2D1.1(c)(8).

On February 23, 1995, Johnson was arrested and charged with Robbery in the First Degree. On March 13, 1995, Johnson was sentenced in Bronx County Supreme Court to two-to-six years' imprisonment. Pursuant to § 4A1.1(a), this conviction warrants three criminal history points.

On August 30, 2001, Johnson was arrested and charged with being a Felon in Possession of a Firearm. On July 10, 2002, Johnson was sentenced in the United States District Court for the Southern District of New York to 30 months' imprisonment and 3 years' supervised release. Pursuant to § 4A1.1(a), this conviction warrants three criminal history points.

On May 24, 2004, Johnson was arrested and charged with Attempted Assault in the Second Degree. On October 21, 2004, Johnson was sentenced in Bronx County Supreme Court to 18 months' to 3 years' imprisonment. Pursuant to § 4A1.1(a), this conviction warrants three criminal history points.

In addition, the plea agreement assessed one criminal history point for the conviction on March 20, 2008, in Bronx County Supreme Court, for Harassment in the Second Degree.

A total of ten criminal history points establishes a Criminal History Category of V, pursuant to the table at Chapter 5, Part A, of the Guidelines. However, Defendant's convictions for Robbery in the First Degree and Attempted Assault in the Second Degree both involve crimes of violence. Since the instant offense involves a heroin-distribution conspiracy and

Defendant was 18 years or older at the time of its commission, Defendant is a career offender, pursuant to § 4B1.1(a). Accordingly, pursuant § 4B1.1(b), Defendant's Criminal History Category is increased from V to VI.

Because Defendant is a career offender, the offense level is the greater of the level listed in § 4B1.1(b) or the offense level otherwise applicable. The statutory maximum for the instant offense is 20 years, the base offense level is 32, pursuant to the career offender provisions pursuant to § 4B1.1(b)(C).

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level is 29.

Based on a total offense level of 29 and a Criminal History Category of VI, the Guidelines range for imprisonment is 151 to 188 months.

The Guidelines range for a term of supervised release is three years, the minimum required by statute, pursuant to § 5D1.2(c).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, Defendant is not eligible for probation, pursuant to § 5B1.1, Application Note 2.

The fine range for the instant offenses is $15,000 to $1,000,000, pursuant to § 5E1.2. Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,157.88 to be used for imprisonment, a monthly cost of $311.94 for supervision, and a monthly cost of $1,990.13 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Upon consideration of all of the relevant factors, it is concluded that the imposition of a Guidelines sentence is warranted.

**The Sentence**

For the instant offense, Johnson will be sentenced to 188 months' imprisonment and 3 years' supervised release.

Johnson is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release. It is recommended that Johnson be supervised by the district of his residence.

As mandatory conditions of his supervised release, Johnson shall: (1) not commit another federal, state, or local

crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to imposition of a special condition requiring drug treatment and testing.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

(2) Defendant shall provide the probation officer with access to any requested financial information.

(3) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

(4) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

Johnson shall also pay a fine of $5,000. If he is engaged in a BOP non-UNICOR program, Johnson shall pay $25 per quarter toward the criminal financial penalties. If he participates in the BOP's UNICOR program as a grade 1 through 4, he shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11. The balance of the fine shall be paid in

monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after the date of Johnson's release from custody.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Defendant shall forfeit all property, real and personal, involved in or traceable to the offenses of conviction. This property has yet to be determined.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for May 6, 2010.

It is so ordered.

New York, NY
~~April~~ May 4, 2010

ROBERT W. SWEET
U.S.D.J.